IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03CR3162 |
| | ) | |
| v. | ) | |
| | ) | |
| RIGOBERTO ISLAS, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motion to vacate, set aside or correct sentence pursuant to 18 U.S.C. § 2255 (Filing No. 56). For the reasons set forth herein, the Court finds that defendant's motion should be denied.

## BACKGROUND

On March 26, 2004, defendant, Rigoberto Islas, pled guilty to Count I of a one-count superseding indictment, charging him with conspiracy to distribute and possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The Court ordered that a pre-sentence investigation report ("PSI") be prepared. The PSI calculated a criminal history category of I and base offense level of 38. The PSI recommended a three-level enhancement under U.S.S.G. § 3B1.1(b) based on defendant's supervisory or managerial role in the conspiracy and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The sentencing range under the then-mandatory sentencing

guidelines, based on defendant's criminal history category and offense level, was 235 to 293 months.  Defendant objected to the portion of the PSI recommending the three-level role enhancement.  The Court considered the stipulated testimony of co-conspirator, Gary Olsen, as to the defendant's role in the conspiracy and adopted the PSI.  On June 9, 2004, the Court sentenced defendant to 235 months imprisonment, five years supervised release, and a $100 special assessment.

Defendant appealed his sentence to the Eighth Circuit Court of Appeals, arguing his sentence violated *Blakely v. Washington,* 542 U.S. 296 (2004).  The Eighth Circuit affirmed defendant's sentence, finding there was no reasonable probability that the Court would have imposed a lesser sentence had it applied the guidelines in an advisory manner and that the sentence was reasonable under the 18 U.S.C. § 3553(a) factors.  The United States Supreme Court denied defendant's petition for writ of certiorari on March 3, 2006.

On March 2, 2007, defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Defendant challenges his sentence on the following grounds: (1) that the Court and defendant's trial counsel misrepresented the essential elements of the offense to him at the time of his guilty plea; (2) that defendant's sentence was imposed in

violation of *Blakely*; and (3) that defendant received ineffective assistance of counsel.

## DISCUSSION

First, defendant claims the Court and trial counsel misinformed defendant as to the essential elements of the crime with which he was charged in Count I of the superseding indictment. Defendant's plea hearing took place on March 26, 2004. At that time, defendant was arraigned on the superseding indictment (Filing No. 53 at 4:16-5:23). A review of the transcript of the proceedings reveals that the Court accurately informed defendant of the elements of the charged crime (Filing No. 53 at 6:9-7:10). Defendant stated that he understood the elements of the crime to which he pled guilty (*Id.*). Defendant was informed, and said he understood, that the possible statutory penalty for the crime charged was ten years to life imprisonment. (*Id.* at 5:9-17). The Court also explained to defendant the application of the sentencing guidelines (*Id.* at 7:18-8:24). The Court finds defendant was not misinformed as to the elements of the crime as charged and possible penalties.

Similarly, defendant's argument that the Court misinformed him as to the drug quantity is without merit. During the plea hearing, the Court asked the following unambiguous question of the defendant: "Are you prepared now to admit to at least five hundred grams *or more* of a mixture or substance

containing methamphetamine?" (Filing No. 53 at 21:2-4). The transcript demonstrates that defendant affirmatively admitted the relevant drug quantity was 500 grams *or more* of methamphetamine. (*Id.* at 21:5-8). Furthermore, this was the drug quantity charged in the superseding indictment (Filing No. 8).

Defendant also asserts that his alleged misinformation as to the charge led to the imposition of an illegal sentence in violation of *Blakely*. Defendant's argument that his sentence violated *Blakely* has been rejected by the Eighth Circuit and is without merit. Defendant was sentenced on June 9, 2004, and *Blakely* was decided on June 24, 2004. The Eighth Circuit has "consistently and repeatedly held defendants to the *Pirani*[1] plain error standard when they were sentenced pre-*Blakely*. *United States v. Davis*, 442 F.3d 681, 683 (Neb. 2006). On direct appeal, the Eighth Circuit determined there was no reasonable probability that the Court would have imposed a lesser sentence had it applied the guidelines in an advisory manner and that the sentence was reasonable under the 18 U.S.C. § 3553(a) factors.

Defendant next claims he received ineffective assistance of counsel when his appellate counsel failed to argue on appeal that defendant's sentence violated the Ex Post Facto Clause due to the retroactive application of *United States v. Booker*, 543 U.S. 220 (2005). The United States Supreme Court has

---

[1] *United States v. Pirani*, 406 F.3d 543 (8th Cir. 2005).

-4-

long recognized that the Sixth Amendment right to counsel is necessary to protect the fundamental right to a fair trial. *Strickland v. Washington,* 466 U.S. 668, 684 (1984).  This right to counsel is "the right to effective assistance of counsel." *Strickland*, 466 U.S. at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970)).  An ineffective assistance of counsel claim has two components:  (1) the defendant must show that counsel's performance was deficient; and (2) the defendant must show that the deficient performance prejudiced the defense. *Id.* at 687.

To demonstrate prejudice, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.  The Supreme Court has stated that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.  Rather, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The Court finds defendant fails to demonstrate prejudice.  The Eighth Circuit has rejected in prior cases the arguments defendant is now making regarding the retroactive

application of *Booker*.  The "Ex Post Facto Clause does not apply here because the changes wrought by *Booker* were by Judicial decision, not by Statute."  *United States v.* Clemmons, 461 F.3d 1057, 1061-62 (8th Cir. 2006); United *States v. Wade*, 435 F.3d 829, 832 (8th Cir. 2006).  There is no reasonable probability defendant would have succeeded if this claim had been made by counsel.  A separate order will be entered in accordance with this memorandum opinion.

        DATED this 23rd day of May, 2007.

                      BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court